In the
United States Court of Appeals
For the Seventh Circuit

No. 01-2627

Terry V. Anderson,

Petitioner-Appellant,

v.

Jon E. Litscher, Secretary,

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 97-C-1230--Aaron E. Goodstein, Magistrate Judge.

Argued January 17, 2002--Decided February 25, 2002

Before Flaum, Chief Judge, Bauer and
Easterbrook, Circuit Judges.

Bauer, Circuit Judge.  The petitioner-
appellant filed a Petition for Writ of
Habeas Corpus, seeking review of his
state court conviction on the basis of
claimed constitutional violations. The
petition was subsequently dismissed as
time barred under 28 U.S.C. sec.
2244(d)(1)(A). We find that the petition
for writ was timely filed; however, we
nonetheless AFFIRM its dismissal because
the appellant has waived the
constitutional claims on which his
certificate of appealability was
predicated and which would entitle him to
habeas relief.

Background

   Following a trial by jury, the appellant
was found guilty of securities fraud,
theft by bailee and forgery. After
exhausting available state remedies, the
appellant filed a Petition for Writ of
Habeas Corpus under 28 U.S.C. sec. 2254.
By consent of the parties, the matter was
transferred to and adjudicated by a
magistrate judge, who thereafter
dismissed the appellant's petition as
time barred under 28 U.S.C. sec.
2244(d)(1)(A). Although the magistrate
judge did not reach the merits of the
appellant's constitutional claims, he did

find that the appellant made "a substantial showing of the denial of a constitutional right" such that the issuance of a certificate of appealability ("COA") was proper under 28 U.S.C. sec. 2253(c)(2). Additionally, the magistrate judge appended the question of timeliness under section 2244(d)(1)(A) as an antecedent issue to the COA.

Discussion

On appeal of a district court's decision to grant or to deny a petition for writ of habeas corpus, we review all questions of law de novo. Small v. Endicott, 998 F.2d 411, 414 (7th Cir. 1993). Further, we may affirm the district court's ruling on any basis finding support in the record, even where the district court relied on the wrong grounds or reasoning in dismissing the petition. Id.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right . . . [and the certificate] shall indicate which specific issue or issues satisfy that showing." 28 U.S.C. sec. 2253(c). Where the petition was dismissed on procedural grounds, the procedural issue may be appended to the COA as an antecedent issue provided it, too, is substantial. Owens v. Boyd, 235 F.3d 356, 358 (7th Cir. 2000) ("If the prisoner's underlying constitutional objection to his conviction is itself substantial, then the district court may issue a certificate on that issue (even though the petition was denied without reaching it) and append the statutory ground as an antecedent issue to be resolved on appeal if it, too, is substantial." (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000))) (emphasis in original). The COA in this case identifies two constitutional claims that support its issuance as well as an antecedent statutory issue regarding the application of the one-year limitations period set forth in 28 U.S.C. sec. 2244(d)(1)(A) and is therefore proper. So we proceed to the merits as the parties have presented them.

Where, as here, both constitutional and procedural issues are certified for appeal, the Supreme Court has stated: "Resolution of procedural issues first is

allowed and encouraged by the rule that this Court will not pass upon a constitutional question if there is also present some other ground upon which the case may be disposed of." Slack, 529 U.S. at 475 (emphasis added). Because the antecedent statutory question of timeliness under section 2244(d)(1)(A) is potentially dispositive in this case (i.e., dismissal of the appellant's habeas case is required if we find that his petition was untimely filed under section 2244(d)(1)(A)), we address that issue first.

In determining that the appellant's habeas petition was untimely under section 2244(d)(1)(A), the magistrate judge relied on the case of Gutierrez v. Schomig, 233 F.3d 490. Such reliance was misplaced, however, because Gutierrez involved measuring the statute of limitations applicable under section 2244(d)(2), not section 2244(d)(1)(A). While section 2244(d)(1)(A) provides that the one year statute of limitations applicable to state prisoners seeking habeas relief begins to run from the latest of "the conclusion of direct review or the expiration of the time for seeking such review," section 2244(d)(2) tolls that limitations period during the time that "a properly filed application for State post-conviction or other collateral review with respect to thepertinent judgment or claim is pending." 28 U.S.C. sec.sec. 2244(d)(1)(A), (d)(2); see also Gutierrez, 233 F.3d at 491-92 (contrasting the language of section 2244(d)(1)(A) and section 2244(d)(2) respectively). The specific question addressed in Gutierrez was what constituted "a properly filed application . . . [that] is pending" for purposes of tolling the applicable statute of limitations under section 2244(d)(2). 233 F.3d at 492 (brackets in original). In contrast, our inquiry here involves the question of whether the ninety day period after a direct appeal during which a petition for certiorari may be filed by a state prisoner falls within the meaning of section 2244(d)(1)(A) for purposes of determining when the statute of limitations begins to run. We believe that it does.

As discussed, the text of 2244(d)(1)(A) states that the one-year limitations period for habeas actions begins to run

from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. sec. 2244(d)(1)(A) (emphasis added). Without question, review of a state criminal conviction by the United States Supreme Court is considered "direct review" of that conviction. See Bell v. Maryland, 378 U.S. 226, 232 (1964). Because the plain terms of section 2244 include the period for seeking direct review, regardless of whether or not a petitioner chooses to avail himself or herself of that opportunity, we believe that the ninety day period during which a petition for certiorari may be filed by a state prisoner falls within the meaning of section 2244(d)(1)(A) for purposes of calculating when the statute of limitations begins to run. Cf. Teague v. Lane, 489 U.S. 288, 295 (1989) (noting that direct review ends "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed" when determining the scope of direct review for the purpose of assessing the retroactivity of a Supreme Court decision) (citations omitted); Gendron v. United States, 154 F.3d 672, 674 (7th Cir. 1998) (finding the language of section 2244(d)(1)(A) "explicitly included the time for seeking leave to appeal with a state supreme court even if the petitioner elected not to do so"). Accordingly, the statute of limitations imposed by section 2244(d)(1)(A) begins to run (i) when all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) when, if certiorari was not sought, all direct criminal appeals in the state system are concluded, followed by the expiration of the time allotted for filing a petition for writ.

  Here, the appellant had ninety days following the entry of judgment by the Supreme Court of Wisconsin, or until November 25, 1996, to file a petition for certiorari in the United States Supreme Court. Thus, the statute of limitations on the appellant's habeas petition began to run on November 26, 1996. The appellant's petition for writ was filed on November 25, 1997, within the applicable limitations period, and was

therefore timely.

Also certified for appeal were two constitutional issues: (1) whether the jury instructions on what constitutes an "investment contract" were so flawed that they violated due process; and (2) whether the trial court improperly permitted the prosecution to define an element of the securities fraud offense through expert testimony. Despite being properly specified in the COA, neither of these issues was briefed by the appellant. Instead, the appellant chose to ignore the constitutional grounds necessary for the COA's issuance in the first place and briefed only the antecedent statutory question of timeliness. Rule 28 of the Federal Rules of Appellate Procedure requires that an appellant's initial brief set forth all of the issues and contentions on which the appeal is based. Fed. R. App. P. 28(a)(9)(A) (requiring that the appellant's brief contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). The appellant's failure to brief all of the issues and contentions set forth in the COA and on which this appeal is based (i.e., the antecedent statutory question and the constitutional claims) results in a waiver of those arguments omitted from his opening brief. See, e.g., United States v. Feinberg, 89 F.3d 333, 340 (7th Cir. 1996) ("Any issues or arguments of which the appellate may wish to avail himself are forfeited unless proffered in the appellate brief."). Because the appellant has waived his constitutional claims by way of omission, this Court is without grounds to grant habeas relief. Thus, although the petition for writ was timely filed, its dismissal is affirmed because the appellant has forfeited the constitutional claims on which his certificate of appealability was predicated and which would entitle him to habeas relief.

Conclusion

For the foregoing reasons, the dismissal of the appellant's Petition for Writ of Habeas Corpus is AFFIRMED.