Bernard L. BEYER, Petitioner–Appellant,

v.

Jon E. LITSCHER, Respondent–Appellee.

No. 01–1583.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 11, 2002.

Decided Oct. 1, 2002.

Mark D. Brookstein (argued), Mayer, Brown, Rowe & Maw, Chicago, IL, for Petitioner-Appellant.

Warren D. Weinstein (argued), Office of Atty. General, Wisc. Dept. of Justice, Madison, WI, for Respondent-Appellee.

Before POSNER, EASTERBROOK, and EVANS, Circuit Judges.

EASTERBROOK, Circuit Judge.

A series of missteps has derailed this litigation.

Bernard Beyer is·in prison on two unrelated convictions. The district court concluded that it is imperative to challenge both in a single federal collateral attack, and when Beyer failed to amend his petition challenging the first conviction to add an attack on the second, the court dismissed his separate challenge as "second or successive" within the meaning of 28 U.S.C. § 2244(b).

Next a judge of this court issued a certificate of appealability identifying a single question—"whether a prisoner serving consecutive sentences resulting from separate court judgments may bring separate petitions for writs of habeas corpus under 28 U.S.C. § 2254 without facing the bar of 28 U.S.C. § 2244, if the conviction that is the subject of the second § 2254 petition was not the subject of a prior § 2254 petition." This certificate does not comply with 28 U.S.C. § 2253(c)(3), which provides that the judge must specifically identify a substantial *constitutional* issue. Aware of this requirement, which was reiterated in *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), the judge who issued the certificate added that "to the extent required by [*Slack* ], the parties' briefs should address the constitutional questions presented by Beyer's claims of ineffective assistance of counsel." But neither Congress nor the Supreme Court has required *advocates* to cook up constitutional issues in *briefs.* Both the statute, § 2253(c)(3), and *Slack,* 529 U.S.

at 483–85, 120 S.Ct. 1595, say that substantial constitutional issues must be identified by *judges* in *certificates of appealability.* If the certificate identifies such an issue, *Slack* held, then the judge may add a substantial statutory claim for resolution under supplemental jurisdiction. But this certificate does not identify any constitutional issue as substantial, so there was nothing to which the statutory issue could be attached. See *Owens v. Boyd,* 235 F.3d 356, 358 (7th Cir.2000).

■ At this point either side could—and both should—have brought the problem to our attention. Appellate judges reviewing requests for certificates of appealability do not have counsel's familiarity with the case (review is expedited and based on a subset of the record), and the task of drafting the order's language often is delegated to staff attorneys, who may lack appreciation of the pitfalls in collateral-review practice. Counsel could have seen at a glance that this order was problematic and called it to the issuing judge's attention. See *Cage v. McCaughtry,* 305 F.3d 625 (7th Cir.2002). Courts are entitled to that much assistance from members of the bar, so that remediable problems may be fixed before they cause unhappy consequences. What is more, assistance here was in *both* sides' interest—the state's because notice might have led us to conclude that the constitutional claim is insubstantial and bring this collateral attack to an end, see *Ramunno v. United States,* 264 F.3d 723 (7th Cir. 2001); *United States v. Marcello,* 212 F.3d 1005 (7th Cir.2000), and Beyer's because notice would have avoided the risk that the appeal would be dismissed, and his chance at freedom evaporate even if he has a winning constitutional claim.

Of course, if the state had called the problem to our attention before briefing, this would not necessarily have led us to dismiss the appeal. Instead the judge who issued the certificate (or a motions panel) would have inquired whether a substantial constitutional issue is presented, and if so would have expanded the certificate to encompass it; but if there is no such issue, the case could have been concluded expeditiously. *Ramunno* settles these matters (and adds that if the problem goes unnoticed until after briefing, there is no jurisdictional impediment to resolution of the appeal).

Beyer's quiescence had a greater potential to cause problems, because it created a risk that even a constitutional violation would not be enough. His counsel took the view that, because the certificate did not specify any constitutional issue, they were free to limit their attention to the statutory question. After all, the certificate says that "to the extent required by [*Slack*], the parties' briefs should address the constitutional questions". Recognizing that neither *Slack* nor § 2253(c) calls for an issue to be briefed, counsel took the view that this part of the certificate was a dead letter. They did not consider the possibility that the certificate's defect, coupled with their own failure to accept the judge's invitation to brief constitutional issues, could lead to the collateral attack's demise.

■ The Attorney General of Wisconsin, who like Beyer had done nothing about the omission of a constitutional issue from the certificate, pounced on the equivalent omission from Beyer's brief. Relying on *Anderson v. Litscher,* 281 F.3d 672, 675 (7th Cir.2002), the state contended that Beyer's failure to address any constitutional issue in his appellate brief forfeited every avenue of collateral attack, which should lead us to affirm no matter what we make of the district judge's procedural ruling. See also *Clay v. United States,* 30 Fed.Appx. 607 (7th Cir.2002), cert. granted on a different issue, —— U.S. ——, 122

S.Ct. 2658, 153 L.Ed.2d 834 (2002), order amended, 2002 WL 1961270, 2002 U.S. LEXIS 5287 (U.S. Aug. 26, 2002). In both *Anderson* and *Clay* the prisoner failed to address the constitutional claim—in *Clay* despite being ordered by the court to do so, and in *Anderson* despite the specification in the certificate and a demand in the state's brief that the prisoner show that there was some point to the collateral attack. If a constitutional theory is insubstantial, it is hard to see why a court of appeals should remand, whether or not the district court took a procedural misstep. Harmless errors must be disregarded, and a gaffe that prevents a district court from addressing an insubstantial claim is harmless. If the constitutional issue turns out to be substantial, and a procedural error blocked its consideration in the district court, an appellate tribunal ordinarily would remand so that the district judge can address the substantive contention in the first instance. But it is vital for the briefs to provide information and argument enabling the appellate court to determine *whether* at least one constitutional issue justifies continued litigation. Even a declaration in a certificate of appealability that a given issue is substantial does not do this, for a certificate is the work of but a single judge—and, as we have stressed, usually is issued after only brief review based on a subset of the record. A merits panel is entitled to make its own decision about whether the prisoner has established a decent chance of success. When as in *Anderson* the prisoner steadfastly refuses to address the merits, even though the certificate of appealability specifies particular questions in need of attention, a court of appeals properly may deem the issues forfeited, which obviates any justification for remand.

Notwithstanding these considerations, a court ought not follow W.C. Fields' ukase: "Never give a sucker an even break." A litigant whose lawyer is misled by the language of a judicial order should not suffer ill consequences. Beyer's appellate counsel took the language of this certificate of appealability literally. Maybe they shouldn't have, but they did, and their client need not pay a penalty for excess literalism. The order says that constitutional questions must be briefed to the extent that *Slack* requires, and counsel rightly concluded that *Slack* imposes duties on *judges* rather than *lawyers,* and thus never requires any particular question to be briefed. The duty is a judicial one—to state in the certificate the substantial constitutional question to which the statutory issue is pendent. Counsel took a risk by disdaining their opportunity to show that Beyer *has* a substantial constitutional claim that justifies further proceedings in the district court, but given the certificate's language the worst consequences of risk-taking do not come to pass. Future petitioners and their lawyers should undertake to show that a substantial constitutional issue exists, however, lest the court of appeals conclude that the procedural error is harmless and a remand pointless.

■ Thus we arrive at the procedural question, on which the state commendably has confessed error. Beyer contends, and Wisconsin concedes, that a prisoner is entitled to one free-standing collateral attack per judgment, rather than one attack per stretch of imprisonment (as the district court held). Independent consideration brings us out in the same place as the parties.

■ Section 2244(b) provides that a second or successive "claim" must be dismissed unless the court of appeals has approved its filing under § 2244(b)(3). The statute does not define the word "claim," which can cause problems for mul-

tiple petitions with respect to a single judgment when the initial petition did not end in a resolution of the merits. See, e.g., *Stewart v. Martinez–Villareal*, 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998); *Benton v. Washington*, 106 F.3d 162 (7th Cir.1996). See also *Brannigan v. United States*, 249 F.3d 584 (7th Cir.2001); *Johnson v. United States*, 196 F.3d 802 (7th Cir.1999). But as we held in *Walker v. Roth*, 133 F.3d 454 (7th Cir.1997), a challenge to a different judgment necessarily is a different "claim"—unless the prisoner's contention was or could have been raised before in the same case (for one indictment sometimes ends in multiple judgments, for example after resentencing). See *Dahler v. United States*, 259 F.3d 763 (7th Cir.2001) (resentencing, though producing a new judgment, does not authorize a renewed collateral attack with respect to issues that had been resolved earlier in the same prosecution). Until the district court's ruling in Beyer's case, no one doubted that an initial contest to a judgment in a separate prosecution necessarily is a separate "claim." It is impossible to see how it could be the *same* as the objection to the judgment in some other case. It would not be treated as one "claim" for purposes of preclusion (res judicata) or any other doctrine of which we are aware; why should challenges to distinct judgments be one "claim" for purposes of § 2244(b)?

Under Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts, prisoners *must* file separately to challenge judgments of different courts. Although Rule 2(d) leaves open the possibility of one collateral attack on multiple judgments of the same court, these should be rare. Time factors will differ, exhaustion of state remedies may occur at different times (which will preclude joinder), and so on. Often a prisoner will be required to challenge one sentence (lest the time run) before another is ripe for collateral attack. When multiple convictions are amenable to simultaneous challenge (as Beyer's were, having been imposed only five months apart by separate divisions of the same court), joinder might help a federal court determine whether a particular claim or theory is moot, for if the sentences are concurrent then an order rejecting a collateral attack on the longer sentence obviates anything else. Yet Beyer's sentences are consecutive. Anyway, mootness depends on the outcome of a collateral attack (that is, the conclusion of the appellate process, not the decision of the district court), so there is rarely any compelling need for consolidation in the district court even if the sentences overlap.

Beyer is serving separate, and consecutive, sentences imposed by different state judges at different times for different criminal offenses. One is for drug crimes and the other (the one now under challenge) for receiving stolen property. As we wrote in *O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir.1998), the "idea behind [the rules in § 2244(b) and § 2255 ¶ 8] is that a prisoner is entitled to one, but only one, full and fair opportunity to wage a collateral attack." Beyer has yet to receive that opportunity with respect to his conviction and sentence for receiving stolen property. The district court's judgment is vacated, and the case is remanded with instructions to entertain Beyer's collateral attack on the merits.