# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 03-2354

TERRANCE BERNARD DAVIS,

*Petitioner-Appellant,*

v.

THOMAS G. BORGEN,

*Respondent-Appellee.*

_____

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 03-C-187—**J.P. Stadtmueller**, *Judge.*

_____

SUBMITTED NOVEMBER 7, 2003—DECIDED NOVEMBER 20, 2003

_____


Before BAUER, EASTERBROOK, and EVANS, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* After denying Terrance Davis's petition for collateral relief on the ground that it had been filed more than four years after the statutory limit, the district judge issued a certificate of appealability. The state has asked us to vacate that certificate; Davis replies that the state's request comes too late.

We have said on several occasions that the rules governing certificates of appealability are principally designed to save time for the litigants and judges, which implies that once briefs have been filed there is little point in revisiting the question whether a certificate should have been issued.

See *Brooks v. Walls*, 279 F.3d 518, rehearing denied, 301 F.3d 839 (7th Cir. 2002); *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001). By then the parties have expended their efforts. From the court of appeals' perspective, determining whether the district judge should have issued a certificate of appealability may require a review similar to a decision on the merits. Because certificates properly issue in many cases in which the prisoner will fail on full merits review, see *Miller-El v. Cockrell*, 537 U.S. 322 (2003), a request to vacate a certificate has the potential to increase the time judges must devote to the appeal: first a motions panel will apply the standard of 28 U.S.C. §2253(c) to the request, and then, if that motion is denied, a merits panel must give plenary review to the appeal. Only when the motion to vacate is made early enough to produce savings for the litigants—and even then only when issuance of the certificate was an obvious blunder, so that the court of appeals need not traverse the same ground twice, see *Buie v. McAdory*, 322 F.3d 980 (7th Cir. 2003)—does it make sense to entertain a motion to vacate a certificate.

None of this implies, however, that there is a deadline for submitting a motion to vacate the certificate. At least one court of appeals has established such an outer limit by rule. See 9th Cir. R. 22-1(c) (35 days from notice of appeal). This circuit has not—not yet, anyway—created a fixed boundary by rule, and it would be inappropriate to do so through adjudication. Requests to vacate therefore are committed to the discretion of the motions panel, which may balance the potential for saving lawyers' time against the risk of increasing the consumption of judicial time. In this proceeding, the state acted before filing its brief—indeed, before Davis's brief was due, though he filed two weeks early. Vacating the certificate therefore could save some time for counsel, and without creating any risk of duplicate judicial work, for this certificate is transparently defective.

Section 2253(c)(2) provides that a "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Section 2253(c)(3) adds that "[t]he certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2)." The certificate issued in this case satisfies neither of these requirements. The district court's order suggests that the judge thought it appropriate to issue a certificate permitting appeal of a statutory issue whenever the prisoner makes any constitutional argument—whether or not either the constitutional or the statutory argument is substantial. The judge wrote:

> The issue Davis would like to raise on appeal is the violation of his Sixth and Fourteenth Amendment rights. He does not expressly seek to challenge whether his petition was timely within the meaning of 26 U.S.C. §2244(d)(1)(A). This creates somewhat of a problem because if Davis does not challenge the court's determination that his petition was untimely, he has all but conceded that he is not entitled to *habeas* relief. The court will liberally construe Davis' appeal to mean he challenges the underlying basis for his dismissal as well as the merits of his constitutional claims. By doing so, the court is able to issue a certificate of appealability concerning the procedural dismissal of his petition and the violation of his Sixth and Fourteenth Amendment rights.

The judge failed to specify any issue for appeal. Davis proceeded to file a brief making a mélange of contentions (some under the federal Constitution but most under Wisconsin law) without mentioning the reason he lost in the district court: that his petition had been filed more than four years out of time. This vividly illustrates why it is vital for district judges to comply with §2253(c)(3). Otherwise the

appellate briefs may not focus on the substantial federal issues that justify the appeal and may disregard subjects that are vital to the appeal's proper resolution.

To recap the statutory requirements: (1) A certificate of appealability may be issued only if the prisoner has at least one substantial constitutional question for appeal. 28 U.S.C. §2253(c)(2). (2) The certificate must identify each substantial constitutional question. 28 U.S.C. §2253(c)(3); *Beyer v. Litscher*, 306 F.3d 504 (7th Cir. 2002). (3) If there is a substantial constitutional issue, *and* an antecedent non-constitutional issue independently is substantial, then the certificate may include that issue as well. See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Owens v. Boyd*, 235 F.3d 356 (7th Cir. 2000). (4) Any substantial non-constitutional issue must be identified specifically in the certificate. 28 U.S.C. §2253(c)(3). (5) If success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal. See *Anderson v. Litscher*, 281 F.3d 672 (7th Cir. 2002).

The certificate issued here does not satisfy these requirements. The district judge did not find that any of Davis's constitutional arguments is substantial. The certificate does not specify any constitutional issue to be resolved in this court. The judge did not find that the statute of limitations issue is independently substantial, nor does the certificate list timeliness as an issue for appeal. Finally, because there is no substantial argument (no argument, period) that Davis's petition is timely, it would be inappropriate to issue a certificate even if one or more constitutional contentions had been substantial, for it is pointless to brief the merits when the statute of limitations halts the proceedings at the threshold.

**The certificate of appealability is vacated, and the appeal is dismissed.**

**A true Copy:**

      **Teste:**

                             _____
                             *Clerk of the United States Court of*
                             *Appeals for the Seventh Circuit*