**Paul J. HELTON, Petitioner–Appellant,**

v.

**Eugene McADORY, Respondent–Appellee.**

No. 03–3585.

United States Court of Appeals, Seventh Circuit.

---

Submitted June 3, 2004.*

Decided June 4, 2004.

Paul J. Helton, Menard, IL, pro se.

Domenica A. Osterberger, Office of the Attorney General, Chicago, IL, for Respondent–Appellee.

Before COFFEY, KANNE, and ROVNER, Circuit Judges.

## ORDER

Paul Helton petitioned under 28 U.S.C. § 2254 to have his Illinois convictions for sexual assault overturned on the principal ground that he was denied his Sixth Amendment right to a speedy trial. The district court concluded that Helton had procedurally defaulted this claim and denied his petition. We affirm.

Helton assaulted an acquaintance after forcing her out of his car and into his bedroom. He was initially charged in October 1995 with one count of aggravated sexual assault, but seven months later a grand jury added three additional counts: Count II charged Helton with forcing the victim to engage in oral sex, while Counts III and IV repeated the allegations of the first two counts but added that Helton assaulted the victim during the course of a kidnapping. A jury found him guilty on all four counts, but the trial court entered judgment on only Counts III and IV.

Helton appealed, arguing that under Illinois' speedy trial statute, *see* 725 ILCS § 5/103–5(a), the state had only 120 days after he was charged with Count I to bring him to trial, and therefore the additional counts that grand jurors added on day 211 were untimely. The appellate court concluded that the 120–day limit did not apply because Helton was subject to a "parole hold" based upon a prior conviction. *See*

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

730 ILCS § 5/3–8–10. Because of the parole hold, the state had 160 days to bring him to trial, and the time began to run only after Helton requested a speedy trial. *See id.* Helton had not requested a speedy trial until after the grand jury added the new counts, and therefore the appellate court concluded that the additional counts were timely and affirmed Helton's convictions. The state supreme court denied his petition for leave to appeal.

Helton petitioned for post-conviction relief in state court alleging for the first time, as relevant here, that he was denied a speedy trial in violation of *federal* law. The trial court denied his petition. Helton then repeated and lost the same argument on appeal. When he sought leave to appeal to the Illinois supreme court, he omitted, and thus abandoned, the federal speedy trial claim.

Helton then turned to federal court. In his § 2254 petition he pressed his federal speedy trial claim and argued that his post-conviction attorneys were ineffective for not including it in his petition for leave to appeal to the Illinois supreme court. In denying relief the district court reasoned that Helton had procedurally defaulted the federal speedy trial claim by not presenting it to the Illinois supreme court, and that ineffectiveness of post-conviction counsel is not grounds for relief under § 2254. However, the court granted Helton's request for a certificate of appealability on the following issue:

> [W]as Petitioner's claim that he was denied his Sixth Amendment right to a speedy trial procedurally defaulted when he only claimed a violation of his right to a speedy trial under Illinois State law in his petition to the Illinois Supreme Court?

Initially, we note that the district court granted the certificate of appealability based upon a procedural issue—whether Helton defaulted his federal speedy trial claim—rather than on a constitutional claim as required. *See* 28 U.S.C. § 2253(c)(2); *Davis v. Borgen,* 349 F.3d 1027, 1028 (7th Cir.2003). Nevertheless, the state has not objected, and the issue has been briefed, so we will not vacate the improperly issued certificate of appealability. *See Davis,* 349 F.3d at 1028.

Before seeking relief under § 2254, a state prisoner must exhaust available state remedies, including giving the state courts the opportunity to consider his federal claims. *Baldwin v. Reese,* —— U.S. ——, ——, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004). Petitioners must therefore "fairly present" their claims to each level in the state-court system, even to courts with powers of discretionary review: "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

█ In the briefs he filed in support of his direct appeal, Helton focused only on whether the state exceeded the 120–day limit to bring him to trial. Nowhere did he argue that the delay was presumptively prejudicial, the pertinent standard under the Sixth Amendment. *See Doggett v. United States,* 505 U.S. 647, 651–52, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992); *Danks v. Davis,* 355 F.3d 1005, 1008 (7th Cir. 2004). A state prisoner must alert the state court to the federal nature of his claim. *Baldwin,* —— U.S. at ——, 124 S.Ct. at 1351. Although Helton did alert the state court to the federal nature of his speedy trial claim in his state post-conviction petition, he dropped the claim from his petition for leave to appeal to the Illinois supreme court. By failing to fairly present his federal speedy trial claim to each level of state court, he procedurally

defaulted the claim. *See Baldwin,* —— U.S. at ——, 124 S.Ct. at 1351; *O'Sullivan,* 526 U.S. at 845, 119 S.Ct. 1728.

██ Even if he had not procedurally defaulted, Helton could not establish a Sixth Amendment violation. Helton was first charged in October 1995; his trial began the following October. Even assuming that the one-year delay is presumptively prejudicial, most of the delay is attributable to Helton, who received numerous continuances which account for much of the delay. *See Danks,* 355 F.3d at 1009 (delays caused by defendant are not attributable to the state). The only prejudice arguably present is the fact that Helton was incarcerated between his arrest and conviction, but he was also being held during that time for a parole violation and received credit for time served.

Accordingly, we AFFIRM the judgment of the district court.