Gary L. EDGINGTON, Petitioner–Appellant,

v.

Charles L. HINSLEY, Respondent–Appellee.

No. 03–3894.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 28, 2004.*

Decided Oct. 5, 2004.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Gary L. Edgington, Menard, IL, for Petitioner-Appellant.

Lisa A. Hoffman, Chicago, IL, for Respondent-Appellee.

Before POSNER, ROVNER, and WILLIAMS, Circuit Judges.

## ORDER

In 1991 Gary Edgington was convicted in Illinois of first degree murder, *see* 720 Ill. Comp. Stat. 5/9–1, armed robbery, *see id.* at 5/18–2(a), and attempted aggravated kidnapping, *see id.* at 5/8–4(a) and 10–2. After litigating a direct appeal and a post-conviction motion in state court, Edgington filed a petition for habeas corpus in the district court, *see* 28 U.S.C. § 2254, but the court concluded that the petition was filed outside of the one-year statute of limitations, *see id.* § 2244(d). The court nonetheless granted Edgington a certificate of appealability, *see id.* § 2253(c), concluding that jurists of reason might find it debatable whether his petition was timely. The court also said that Edgington presented a substantial constitutional question on the issue of whether his confession was voluntary. On appeal Edgington argues that his petition was timely and that his confession was coerced. The state asks us to vacate the certificate of appealability because it does not include a properly raised substantial constitutional question.

When a court denies a petition on procedural grounds such as timeliness, a certificate of appealability is appropriate only if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Although the district court said that Edgington had stated a valid claim for the denial of a constitutional right—the right not to be coerced into confessing—Edgington did not raise the voluntariness of his confession as an issue in his request for a certificate of appealability, and neither did he raise it as a ground for relief in his habeas corpus petition. The form § 2254 petition that Edgington filled out listed nine grounds that petitioners frequently raise, one of which was "Conviction obtained by use of coerced confession." Although he circled other grounds on the list, Edgington did not circle or otherwise mark this ground, and he also did not discuss the voluntariness of his confession as a ground for relief later in the petition. Edgington did circle a related ground for relief on the form: "Conviction obtained by a violation of the privilege against self incrimination." But despite directions on the form that he must allege facts to support any claims for relief, Edgington never mentioned or discussed his privilege against self-incrimination as a ground for relief later in the petition. The only time Edgington mentioned his confession in his petition was when he recounted the arguments that he had raised in state court. Because Edgington failed to argue to the district court that his confession was involuntary, he has waived the argument and may not pursue it on appeal. *See Rodriguez v. United States*, 286 F.3d 972, 978–79 (7th Cir.2002).

We may still look at Edgington's request for a certificate of appealability to determine whether he identified a substantial constitutional question overlooked by the district court. *See Beyer v. Litscher,* 306 F.3d 504, 506 (2002). But in that document he discussed only the district court's conclusion that his petition was untimely, and he failed to identify *any* grounds for relief. Furthermore, Edgington's habeas corpus petition does not include any valid claims for the denial of a constitutional right. He presented three grounds that he admittedly failed to present to the state courts, and he did not offer a sufficient reason for his procedural default.

Because Edgington's certificate of appealability does not identify a substantial constitutional question that he raised first in the district court, we VACATE the certificate of appealability and DISMISS the appeal.