UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 14, 2005[*]
Decided February 3, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-2181

| | |
|---|---|
| DAVID E. WILLIAMS, *Petitioner-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 01-C-0681 |
| DANIEL BENIK, *Respondent-Appellee.* | Charles N. Clevert, Jr., *Judge.* |

**O R D E R**

David Williams is serving time in Wisconsin for two 1997 drug crimes. He came to the attention of the police in a rather unusual way. After his brother assaulted his sister-in-law, Williams had gone to his sister-in-law's apartment, so that he could watch his 12-year-old niece and 9-year-old nephew while she was at the hospital. But when police officers returned to the apartment to resume their search for Williams's

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

brother, they discovered a pill bottle containing heroin beneath the couch where Williams was lying. The officers arrested him. Coincidentally, an undercover officer had visited the apartment the day before to purchase heroin, and he identified Williams as the seller first from a lone photograph and later when he saw Williams in a police station interview room. During a custodial interrogation, Williams said that he found the pill bottle on the dining table and hid it under the couch, but he insisted that the bottle belonged to another nephew who was then 16. The jury did not buy that story. It convicted Williams of delivering heroin to the undercover officer within 1000 feet of a school, Wis. Stat. §§ 961.41(1)(d), 961.49(1m)(b); and of possessing the heroin in the bottle within 1000 feet of a school with intent to distribute, *id*. §§ 961.41(1m)(d), 961.49(1m)(b). Because Williams already had a prior drug conviction, he was sentenced as a repeat drug offender to consecutive terms of 25 and 15 years, respectively, see Wis. Stat. § 961.48, with the latter term stayed in favor of 10 years' probation.

After pursing two unsuccessful motions for postconviction relief in state court, Williams petitioned for relief under 28 U.S.C. § 2254, which the district court denied. See *Williams v. Benik*, No. 01-C-0681 (E.D. Wis. Feb. 18, 2005). The district court found enough merit in his arguments, however, to grant him a certificate of appealability on four claims: (1) the heroin in the pill bottle was obtained in violation of the Fourth Amendment; (2) the single-photograph identification was impermissibly suggestive; (3) trial counsel was ineffective; and (4) the evidence of his prior drug crime was insufficient.

We review the denial of a § 2254 petition *de novo*. *Balsewicz v. Kingston*, 425 F.3d 1029, 1031 (7th Cir. 2005). Relief is available only if the Wisconsin courts' adjudication of Williams's claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Even if we might have applied federal law differently, Williams's convictions must stand unless the Wisconsin courts' decisions on his claims are objectively unreasonable. *Walker v. Litscher*, 421 F.3d 549, 554 (7th Cir. 2005).

We begin with the Fourth Amendment claim. Williams contends that on direct appeal the Wisconsin appellate court applied the wrong standard of review in upholding the trial court's refusal to suppress the pill bottle and its contents, but in reality he merely disputes the correctness of the trial court's suppression analysis. A petitioner cannot obtain collateral relief on a Fourth Amendment claim unless the state deprived him of a "full and fair opportunity to contest the search or seizure." *Hayes v. Battaglia*, 403 F.3d 935, 939 (7th Cir. 2005); see *Stone v. Powell*, 428 U.S. 465, 481-82 (1976). Williams challenged the seizure of the pill bottle on Fourth Amendment

grounds in the trial court and renewed his claim in a motion for a new trial and finally on direct appeal. See *State v. Williams*, No. 99-0562-CR, 2000 WL 944531, at ***6-7 (Wis. Ct. App. July 11, 2000). His only basis for suggesting that the state courts denied him a full and fair opportunity to contest the search is that, in his view, trial counsel erred by not calling his sister-in-law to testify at the suppression hearing. But flaws in counsel's handling of the suppression claim do not taint the state's mechanism for evaluating it, and thus, as a collateral claim premised on the Fourth Amendment, the suppression claim fails.

Williams next argues that the trial court erred in admitting evidence that the undercover officer identified him from a photograph, because the identification procedure (showing the officer only his picture) was impermissible. A petitioner asserting that an identification procedure was unconstitutional must initially show that the procedure was unduly suggestive. *Neil v. Biggers*, 409 U.S. 188, 198 (1972); *Gregory-Bey v. Hanks*, 332 F.3d 1036, 1045 (7th Cir. 2003). If that burden is met, "the court must then determine, under the 'totality of the circumstances,' whether the identification was sufficiently reliable to prevent misidentification," *Gregory-Bey*, 332 F.3d at 1045, keeping in mind "the corrupting effect of the suggestive identification itself," *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977). Reliability is based on factors including "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation." *Manson*, 432 U.S. at 114; see *Biggers*, 409 U.S. at 199-200.

In this case the Wisconsin appellate court concluded that, even assuming that the initial single-photograph identification was unduly suggestive, the resulting identification was nonetheless reliable under the *Biggers* factors. See *Williams*, 2000 WL 944531, at ***4-5. According to the state court, the undercover officer definitively testified that, though his vision was 20/30 and he was not wearing glasses during the drug buy, he clearly saw Williams's face from a distance of two to three feet. *Id.* at ***5. Williams does not point to any federal precedent that undermines this conclusion. Instead, he principally highlights some inconsistencies between the undercover officer's initial description of the seller and Williams's own appearance. It is not our role, however, to sit in direct review of Williams's convictions, and thus we will not independently reassess the reliability of the undercover officer's identification. See *McFowler v. Jaimet*, 349 F.3d 436, 455 (7th Cir. 2003). It is enough to note that, on this record, we cannot conclude that the Wisconsin court's weighing of the *Biggers* factors was an unreasonable application of federal law.

We turn next to Williams's claim that trial counsel was ineffective. The district court identified, as relevant here, two theories underlying the claim: counsel's efforts

to suppress the discovery of the heroin were deficient, see *Owens v. United States*, 387 F.3d 607, 609 (7th Cir. 2004) (holding that Sixth Amendment provides basis for collateral claim alleging that counsel was deficient in handling Fourth Amendment defense), and counsel's failure to call a fingerprint technician at trial to testify that Williams's fingerprints were not on the pill bottle amounted to substandard performance. Williams also would like to argue that counsel was ineffective for failing to call four witnesses who allegedly would have testified that it was his 16-year-old nephew who sold the heroin to the undercover officer and also possessed the pill bottle, and failing to challenge the admission of the custodial statement in which Williams said he hid the pill bottle under the couch. The district court denied Williams's request to include counsel's failure to call the four witnesses in the certificate of appealability because Williams procedurally defaulted the argument in the state courts. The district court did not consider counsel's failure to suppress Williams's custodial statement because Williams did not present that basis for relief in his § 2254 petition.

The state urges us to deem Williams's additional theories—counsel's failure to call four witnesses and to suppress his custodial statement—a request by Williams to expand the certificate of appealability. A certificate of appealability, though, identifies "substantial constitutional issues," *Beyer v. Litscher*, 306 F.3d 504, 505 (7th Cir. 2002). We thus decline to interpret William's inclusion of addition theories as a request to expand the certificate because "[i]neffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed. Counsel's work must be assessed as a whole; it is the overall deficient performance, rather than a specific failing, that constitutes the ground of relief." *Peoples v. United States*, 403 F.3d 844, 848 (7th Cir. 2005).

Nevertheless, we do not consider the additional theories raised by Williams because they are procedurally barred. Williams never attacked counsel's performance regarding his custodial statement in the district court, and we will not address that theory in the first instance. See *United States v. Traeger,* 289 F.3d 461, 471 (7th Cir. 2002). His theory that counsel erred by failing to call four witnesses is also unavailable because, as the district observed, the state courts held that it was procedurally defaulted when Williams failed to raise that argument in his appeal from the denial of postconviction relief (the first time he presented his ineffective assistance of counsel claim). See *Gregory-Bey v. Hanks*, 332 F.3d 1036, 1043 (7th Cir. 2003). Williams attempts to overcome the procedural default by arguing that he included counsel's failure to call witnesses in his first appeal, but his brief before the Wisconsin Court of Appeals does not confirm his allegation. Alternatively, he suggests that his *pro se* status should excuse his default; it does not. See *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003). Thus, we limit our review to the theories identified by the district court.

To prevail, Williams must establish both deficient performance by trial counsel and resulting prejudice to his defense. *Martin v. Grosshans*, 424 F.3d 588, 590 (7th Cir. 2005). Failure on either prong is fatal. *Walker,* 421 F.3d at 558; *Hough v. Anderson,* 272 F.3d 878, 890 (7th Cir. 2001). Williams first argues that counsel should have called his sister-in-law to testify at the suppression hearing. He suggests that she would have testified that she invited him to remain in her apartment and thus conferred on him an expectation of privacy. Establishing her consent to Williams's presence, however, would have affected only one factor in the totality of the circumstances test, and the record does not reflect that the remaining factors would have weighed in Williams's favor. See *Minnesota v. Olson*, 495 U.S. 91, 99-100 (1990) (describing circumstances under which guest may harbor reasonable expectation of privacy); see also *Terry v. Martin*, 120 F.3d 661, 663 (7th Cir. 1997). We could not, therefore, conclude that Williams was prejudiced by the absence of his sister-in-law's testimony. Similarly, the absence of the fingerprint technician did not prejudice Williams because the jury was aware that the pill bottle was clear of prints. Absent prejudice, Williams could not establish ineffective assistance of counsel. See *Hough*, 272 F.3d at 890.

Finally, we turn to Williams's claim that the state did not meet its burden of showing that he had a prior drug conviction. Williams contends that the state never introduced the certified judgment that established that he was convicted of delivery of cocaine in Milwaukee in 1996, but the third entry on the trial court's docket reveals that a copy of the judgment was filed.

Accordingly, we AFFIRM the judgment of the district court.