In the

# United States Court of Appeals

### For the Seventh Circuit

———————

No. 07-4015

TYRONE O. YOUNG,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

———————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 06–C–1328—**Rudolph T. Randa**, *Chief Judge*.

———————

SUBMITTED APRIL 2, 2008—DECIDED APRIL 15, 2008

———————

Before EASTERBROOK, *Chief Judge*, and POSNER and
ROVNER, *Circuit Judges*.

PER CURIAM. The petitioner has appealed from the
denial of his motion under 28 U.S.C. § 2255 to vacate his
sentence. The district court issued a certificate of appeal-
ability "regarding the timeliness of his motion." The
court offered no other explanation for its action.

In acting as it did, the court appears to have overlooked
our opinion in *Davis v. Borgen*, 349 F.3d 1027 (7th Cir. 2003),
another case from the Eastern District of Wisconsin. There
we stated:

(1) A certificate of appealability may be issued only if
the prisoner has at least one substantial constitutional

> question for appeal. 28 U.S.C. § 2253(c)(2). (2) The certificate must identify each substantial constitutional question. 28 U.S.C. § 2253(c)(3); *Beyer v. Litscher*, 306 F.3d 504 (7th Cir. 2002). (3) If there is a substantial constitutional issue, *and* an antecedent non-constitutional issue independently is substantial, then the certificate may include that issue as well. See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Owens v. Boyd*, 235 F.3d 356 (7th Cir. 2000). (4) Any substantial non-constitutional issue must be identified specifically in the certificate. 28 U.S.C. § 2253(c)(3). (5) If success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal. See *Anderson v. Litscher*, 281 F.3d 672 (7th Cir. 2002).

*Id*. at 1029. We then pointed out that the certificate issued by the district court did not satisfy these requirements.

It is the same here. The prisoner has no constitutional question for appeal, substantial or otherwise; the only question he presents is whether the district court abused its discretion in finding that his section 2255 motion was untimely. The certificate of appealability does not identify a substantial, or any, constitutional question.

That moots the other three requirements.

The certificate of appealability is vacated and the appeal dismissed.