IN THE

UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT

_____

No.  11-1121

JOSHUA RESENDEZ,

*Petitioner-Appellant*,

*v.*

WENDY KNIGHT,

*Respondent-Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Indiana,
Indianapolis Division.
No. 1:10-cv-01607–SEB-DML--**Sarah Evans Barker**, *Judge.*

_____

ON APPLICATION FOR CERTIFICATE OF APPEALABILITY

JULY 29, 2011[*]

_____

_____

[*] This opinion is being released initially in typescript form.

RIPPLE, *Circuit Judge* (in chambers).   Joshua Resendez filed a petition for habeas corpus in the district court.   His petition, and his subsequent request for a certificate of appealability ("COA"), was denied by the district court.   Mr. Resendez has renewed his request for a COA in this court.   Because Mr. Resendez's petition presents a question concerning a defendant's constitutional right to counsel that we have not yet settled, I grant Mr. Resendez's application.

**I**

The record in this case does not explain much of Mr. Resendez's confinement or the circumstances surrounding his motion.   Mr. Resendez represents that he was convicted of robbery and forgery in an Indiana state court.   The record does not explain when Mr. Resendez was convicted or sentenced or whether he appealed his criminal conviction.

While in prison, Mr. Resendez filed a "belated motion to correct erroneous sentence," *see* R.1 at 2, which we reasonably may assume was a motion under Indiana Code section 35-38-1-15 (entitled "Erroneous sentence; nature; correction" and allowing a defendant to file a motion to correct a sentence "supported by a memorandum of law specifically pointing out the defect in the original sentence").   After the state court denied the motion, Mr. Resendez requested appointment of counsel "to perfect his appeal."  R.2, Ex. A at 1.   The trial court denied Mr. Resendez's request for counsel, *see* R.2, Ex. B, and the Court of Appeals of Indiana dismissed Mr. Resendez's appeal with prejudice for failure to file a brief, *see* R.2, Ex. D.

Mr. Resendez then filed a petition for federal habeas corpus relief under 28 U.S.C. § 2254.   He argued that the state courts had denied him counsel in violation of the federal Constitution.   The district court believed that Mr. Resendez was asserting a right to counsel in a state postconviction proceeding and, therefore, dismissed his petition and denied him a COA.  Mr. Resendez then sought a COA from this court.

**II**

Under § 2253(c)(2) of Title 28, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." The Supreme Court has observed that an applicant has made a "substantial showing" where "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

Here, Mr. Resendez argues that, under the federal Constitution, the State was required to provide him with counsel for purposes of pursuing his motion under Indiana Code section 35-38-1-15. The operative question, therefore, is whether Mr. Resendez had a constitutional right to counsel in a proceeding under that section.

"It is . . . well established that a criminal defendant enjoys [a] right to counsel through his first appeal . . . but that, once the direct appeal has been decided, the right to counsel no longer applies." *Kitchen v. United States*, 227 F.3d 1014, 1018 (7th Cir. 2000) (citations omitted). Federal law classifies a state proceeding as direct or collateral for the purpose of 28 U.S.C. § 2254. *See Huusko v. Jenkins*, 556 F.3d 633, 635 (7th Cir.), *cert. denied*, 130 S. Ct. 402 (2009) . We look primarily to two considerations in determining whether, in pursuing the denial of a motion in a state appellate court, the proceeding is part of the direct appeal, for which counsel is guaranteed, or whether it is collateral, for which counsel is not, *see Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991). First, we consider the timing of the motion, specifically, whether the motion was brought prior to the disposition of the direct appeal. *See Kitchen*, 227 F.3d at 1018. Additionally, we consider the procedural complexity of the motion filed and its potential impact on the course of the defendant's criminal proceedings. *See id.*

We previously have not had an occasion to determine whether a motion brought pursuant to section 35-38-1-15 of the Indiana Code qualifies as a direct or collateral proceeding. Indiana courts have distinguished this proceeding from a state habeas proceeding and have recognized that it may raise sentencing errors that otherwise may be challenged through a direct appeal. *See Robinson v. State*, 805 N.E.2d 783, 786-87 (Ind. 2004). Similarly, they have noted that "[w]hen an error related to sentencing occurs, it is in the best interests of all concerned that it be immediately discovered and corrected." *Id.* at 786. That this procedure is an alternative to direct appeal for sentencing issues and that it is designed to be brought as soon as the error is recognized both support a colorable case that the procedure should be characterized as direct for purposes of a defendant's constitutional right to counsel.

Whether the procedure is characterized correctly as direct or collateral presents an antecedent non-constitutional question. A certificate of appealability still can be granted on this question, however, because Mr. Resendez's petition raises a substantial constitutional issue, namely the right to counsel. *See Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003) ("If there is a substantial constitutional issue, and an antecedent non-constitutional issue independently is substantial, then the certificate may include that issue as well." (citing *Slack*, 529 U.S. at 484)). Because this court has not previously determined how a motion brought under section 35-38-1-15 should be characterized,[1] *cf. Longworth v. Ozmint*, 302 F. Supp. 2d

---

[1] Although a state court determination on whether counsel should be appointed for this proceeding would not be determinative of our own inquiry, *cf. Huusko v. Jenkins*, 556 F.3d 633, 635 (7th Cir.) ("Federal law classifies a state proceeding for the purpose of § 2254."), *cert. denied*, 130 S. Ct. 402 (2009), we note that there does not appear to be a consistent approach among state courts with respect to whether counsel should be appointed for purposes of this proceeding. *Compare Neff v. State*, 888 N.E.2d 1249, 1250 (Ind. 2008) (noting that counsel was appointed to the defendant following the denial of his motion in the trial court) *with Gaddie v. State*, 566 N.E.2d 535, 537 (Ind. 1991) (upholding a trial court's summary denial of a motion

(continued...)

569, 574 (D.S.C. 2004) (listing that "the issue is very much unresolved" in support of its conclusion that a COA should issue), and because, given the factors this court considers, reasonable jurists could differ on whether this proceeding should be considered direct or collateral, Mr. Resendez's application sets forth a substantial showing of the denial of a constitutional right. I express no view on the correct resolution of the question presented. Mr. Resendez's application for a COA therefore is granted.

It is so ordered.

---

[1](...continued)
without a formal hearing and without appointing counsel).