**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2014[*]
Decided March 27, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-1730

| | |
|---|---|
| CRAIG ARMSTRONG, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 13 C 00252 |
| SIXTEENTH JUDICIAL CIRCUIT | |
| COURT OF DEKALB COUNTY, | Rubén Castillo, |
| *Defendant-Appellee.* | *Chief Judge.* |

**O R D E R**

Craig Armstrong appeals the dismissal of his civil-rights suit challenging a condition of a prior criminal sentence that required him to register as a sex offender. At the time he filed the suit, Armstrong was an inmate with the Illinois Department of

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Therefore the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Corrections, and the district court dismissed the case at screening because Armstrong sought a remedy—his release—that was not available in an action under 42 U.S.C. § 1983. We affirm.

In 1997 Armstrong pleaded guilty in Illinois state court to unlawful restraint under a plea agreement that, he says, did not mention his duty to register as a sex offender. The state court sentenced him to one year in prison. He later was convicted twice in the same court for failing to register as a sex offender, most recently in 2012.[1] While incarcerated on the most recent conviction, Armstrong petitioned for habeas corpus, 28 U.S.C. § 2254, arguing that he would not have pleaded guilty to unlawful restraint had he been aware of the registration requirement. The court dismissed the petition because Armstrong no longer was in custody on that conviction. *Armstrong v. Anglin*, No. 12 C 7476 (N.D. Ill. Nov. 29, 2012).

Armstrong brought this § 1983 suit challenging both his 1997 conviction (because he neither agreed to register as a sex offender in his plea agreement nor was admonished about that requirement at sentencing) and sentence (because the 30-year registration requirement increased his sentence beyond the 5-year statutory maximum for unlawful restraint). The district court dismissed the case at screening because Armstrong sought his release from custody–a remedy not available under § 1983. A request for such relief, the court stated, must be brought in a petition for habeas corpus under 28 U.S.C. § 2254, and the court was prohibited from so converting his suit.

On appeal Armstrong argues that the district court should have construed his pleading liberally and converted his "mislabeled" § 1983 complaint into a § 2254 petition. But conversion would have been inappropriate because Armstrong did not sue his custodian as required for a petition for habeas corpus. *See Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005); *Moore v. Pemberton*, 110 F.3d 22, 23–24 (7th Cir. 1997); *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) (per curiam). And given the prerequisites and disadvantages associated with a § 2254 action (such as exhaustion, the bar on successive petitions, and the certificate of appealability), in most cases district courts "should evaluate cases as the plaintiffs label them." *Glaus*, 408 F.3d at 388.

---

[1] At the time of all three convictions, the DeKalb County court was a part of the 16th judicial circuit. It has since been reassigned to the newly formed 23rd judicial circuit. *See* 705 ILL. COMP. STAT. 35/1.

We end, however, with one corrective: the district court was mistaken when it observed that Armstrong could no longer challenge the sex-offender registration requirement because "it was conclusively litigated in a habeas corpus petition." Armstrong's earlier petition attacking his unlawful-restraint conviction would not have barred an attack on his subsequent conviction for his failure to register because he seeks to invalidate different judgments. *See Magwood v. Patterson*, 561 U.S. 320, 130 S. Ct. 2788, 2797, 2801 (2010); *Martin v. Bartow*, 628 F.3d 871, 877 (7th Cir. 2010); *Beyer v. Litscher*, 306 F.3d 504, 507–08 (7th Cir. 2002). Indeed in April 2013 Armstrong filed one such petition, which a district court dismissed on an unrelated ground (failure to prosecute). *See Armstrong v. Anglin,* Nos. 13 C 3257 (N.D. Ill. Apr. 30, 2013), 13-2204 (C.D. Ill. Dec. 20, 2013).

We have considered Armstrong's other arguments, and they do not merit discussion.

**AFFIRMED**.