In the

# United States Court of Appeals

## For the Seventh Circuit

No. 01-3245

DARRELL D. CAGE,

*Petitioner-Appellant,*

v.

GARY R. MCCAUGHTRY, Warden,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 98-C-927—**Thomas J. Curran**, *Judge.*

ARGUED AUGUST 6, 2002—DECIDED SEPTEMBER 6, 2002

Before POSNER, EASTERBROOK, and MANION, *Circuit Judges.*

POSNER, *Circuit Judge.* The petitioner was found guilty of murder by a Wisconsin state court and sentenced to life imprisonment, and after exhausting his state remedies sought federal habeas corpus unsuccessfully, complaining about the fact that the judge at his trial had failed to remove a juror who he claims was prejudiced against him. At the jury voir dire, several prospective jurors, including one named Werth, said they had read about the crime in the newspaper, Werth stating that it had caught his attention because it had occurred "pretty close" to his home. When asked by the judge whether he'd be able to decide

the case on the basis of the evidence at trial rather than what he'd read about in the newspaper, Werth said: "The feller used a handgun. I'm dead set against that. I really don't think I could be impartial." The judge asked the prosecutor whether he intended to introduce evidence about a handgun. The prosecutor replied that the victim had been stabbed to death; no gun had been used. The judge asked Werth whether that would "cause you to think that you might have been recalling a different case than this or are you pretty sure this was the case?" To which Werth replied he wasn't "real sure" but may have confused the crime with which the petitioner was charged with another crime. The judge then asked Werth whether he could "put that [what he had read in the newspaper] aside and decide the best at trial," and Werth said: "I can try."

The petitioner's lawyer didn't ask that Werth be struck from the venire; nor did the prosecutor, and so Werth became a member of the jury that convicted the petitioner, who claims that his lawyer rendered ineffective assistance of counsel by not moving that Werth be removed from the jury for cause.

The district judge refused to grant a certificate of appealability, but we granted one, limited however to the question "whether [the petitioner] was denied his constitutional right to an impartial jury by the seating of a juror who provided potentially equivocal assurances of impartiality during *voir dire*." This amounts to asking whether the judge has an obligation to dismiss a juror for cause even if no lawyer objects. In certifying this as an appealable question, we erred. The Supreme Court has never announced such a rule, and so it is not a ground upon which a state prisoner can obtain relief in a federal habeas corpus proceeding. 28 U.S.C. § 2254(d)(1); *Schaff v. Snyder*, 190 F.3d 513, 522 (7th Cir. 1999). The absence of a case in the

Supreme Court (or any other court, as far as we know) declaring such a rule is not surprising. There is nothing suspicious about a lawyer's refusing to strike a prospective juror for cause. The lawyer might feel that on balance the juror was more likely to vote for than against his client. In the hearing conducted in the district court on the petitioner's claim of ineffective assistance, his trial lawyer explained that he had thought that Werth was trying to get off having to serve on the jury, and that if he were left on against his will he would blame the government, which had instituted the case, and therefore be inclined to vote for an acquittal. Correct or not, this is the kind of reasoning that a criminal defendant wants his lawyer to engage in. A rule requiring the judge to exercise all challenges for cause would not serve criminal defendants and is hardly a plausible interpretation of the Sixth Amendment, see *United States v. Simmons*, 961 F.2d 183, 184-86 (11th Cir. 1992) (per curiam); cf. *United States v. Ferri*, 778 F.2d 985, 994 (3d Cir. 1985), let alone one endorsed by any decision of the Supreme Court.

When we make a mistake and issue a certificate of appealability that specifies an improper ground, counsel for both sides, rather than indulging a fiction of judicial infallibility, should inform us before briefing begins and ask us to amend the certificate, which is within our power because even an "unfounded" certificate of appealability confers jurisdiction on us. *United States v. Marcello*, 212 F.3d 1005, 1008 (7th Cir. 2000); *Young v. United States*, 124 F.3d 794, 799 (7th Cir. 1997); *Soto v. United States*, 185 F.3d 48, 52-53 (2d Cir. 1999). Appellate judges issue these certificates after only brief study of the case; the lawyers have spent much more time on the dispute and thus are well positioned to call errors to our attention. That was not done, and the lawyers dutifully argued the question posed in our certificate. Both parties, however, prudently

argued the real issue as well, that of ineffective assistance (though Cage's lawyer did not get around to doing so until the oral argument), and we hereby amend the certificate to make that the issue on which an appeal was warranted.

Turning to that issue, we can be brief. The district court was correct in turning down the petitioner's claim of ineffective assistance. His lawyer had a tactical reason for his action, and it was not so far off the wall that we can refuse the usual deference that we give tactical decisions by counsel to waive a right of his client that he thinks would if asserted reduce the likelihood of the client's being acquitted. For cases, similar to this case, so holding, see, e.g., *Miller v. Francis*, 269 F.3d 609, 620 (6th Cir. 2001); *Hale v. Gibson*, 227 F.3d 1298, 1319-20 (10th Cir. 2000); *Knox v. Johnson*, 224 F.3d 470, 479 (5th Cir. 2000).

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*