# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 02-4377

BRIAN W. COOPER,

*Petitioner-Appellant,*

v.

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

_____

Appeal from the United States District Court
for the Western District District of Wisconsin.
No. 02 C 546—**John C. Shabaz**, *Judge.*

_____

ARGUED JANUARY 13, 2004—DECIDED AUGUST 5, 2004

_____

Before BAUER, MANION, and ROVNER, *Circuit Judges.*

BAUER, *Circuit Judge.* On April 16, 1999, Police Officer
Mark Jaeger of the Wausau, Wisconsin Police Department
received a phone call from Detective Beecher of the Milwau-
kee Police Department, Vice Unit. Beecher told Jaeger he
had just received an anonymous tip that a black male by
the name of Brian Cooper was scheduled to arrive in
Wausau at 7:15 p.m. by Greyhound bus wearing a gray or
black leather jacket with lettering on the back, carrying a
black duffel bag and several ounces of cocaine.

Officer Jaeger and another officer went to the Greyhound
station where, at approximately 7:15 p.m., a black male

meeting the tipster's description got off the bus and entered the passenger side of a waiting Chevy Impala after placing his duffel bag in the back seat of the car. The officers followed the car before stopping it for a traffic violation. As one of the officers wrote the citation, he noticed the driver and Cooper moving around inside the car and saw Cooper bend over towards the floor of the car. The officers then removed both men from the car and commanded a canine sniff, which alerted Officer Jaeger to the presence of drugs in the area beneath the front passenger seat and to Cooper's duffel bag in the back seat. Officer Jaeger found a pack of cigarettes containing cocaine base and Cooper was placed under arrest and charged with possession of cocaine base and intent to distribute.

Before trial, Cooper's counsel filed a motion *in limine* to exclude the evidence of the anonymous tip Officer Jaeger received from Detective Beecher. When the Magistrate Judge addressed the motion, defense counsel told the judge he had discovered new evidence and had no objection to the admission of the tip. When the judge asked if defense counsel would like the government to brief it, defense counsel replied, "No. Not at this particular point, first of all I truthfully believe that probably it would come in to explain the officer's actions as far as the tip. Given, as I said, the newly discovered evidence, I think I will withdraw the entire motion. How's that sound?" The Magistrate Judge again offered, "You are certainly entitled to be heard on it" and the defense counsel reiterated, "No. I just as soon withdraw it."

On the first day of trial, the government confirmed with the district court and Cooper's counsel that Officer Jaeger would testify to the tip information he received from Detective Beecher, and that the information might be perceived as hearsay. When the court asked Cooper to respond, he replied, "Nothing in that regard, Your Honor." Finally, during trial both the prosecutor and defense counsel referred to the tip.

On January 20, 2000, Cooper appealed his conviction for knowing and intentional possession of, with intent to distribute, cocaine base, in violation of 21 U.S.C. § 841(a)(1), arguing that the district court committed plain error by allowing the government to introduce testimony about the existence and substance of the anonymous tip. On March 21, 2001, we affirmed Cooper's conviction, concluding that defense counsel had waived any objection to the admission or reference of the tip at trial. The Supreme Court denied Cooper's petition for certiorari.

On October 1, 2002, Cooper filed a motion to vacate his sentence under 28 U.S.C. § 2255, contending that his trial counsel's failure to object to the admissibility of the tip denied him his Sixth Amendment right to effective assistance of counsel; he requests an evidentiary hearing. He was denied a hearing on that issue and, on April 14, 2003, we granted a certificate of appealability.

## Discussion

Cooper challenges the district court's denial of an evidentiary hearing to explore trial counsel's motivations in support of his ineffective assistance of counsel claim. He argues that procedural default is not a barrier to his ineffective assistance of counsel claim and that trial counsel was ineffective because of his mistaken belief in the admissibility of an anonymous tip.[1]

---

[1] As the government concedes, the issue of procedural default is moot in light of the Supreme Court's decision in *Massaro v. United States*, 538 U.S. 500 (2003) (recognizing that an ineffective assistance of counsel claim can be raised in a § 2255 proceeding, "whether or not the claim could have been raised on direct appeal."). Moreover, the district court rejected the procedural default argument, choosing instead to address the merits of

(continued...)

*Standard of Review*

The district court's denial of a § 2255 motion for ineffective assistance of counsel is reviewed de novo, the factual findings are reviewed for clear error, and the denial of an evidentiary hearing for abuse of discretion. *United States v. Traeger*, 289 F.3d 461, 470 (7th Cir. 2002).

*Ineffective Assistance of Counsel*

Cooper argues that his trial counsel was ineffective because he did not object to the use of the anonymous tip. He contends that the record does not conclusively establish that counsel's motivations were strategic. Instead, he urges that counsel was motivated by a mistaken belief that the tip was admissible and that he is entitled to a new trial or in the alternative, he requests an evidentiary hearing to establish that his trial counsel's motivation was a mistake of law.[2]

To prevail on an ineffective assistance of counsel claim, Cooper must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984). He must show that "counsel's actions were not supported by a reasonable strategy and that the error was prejudicial." *Massaro v. United States*, 538 U.S. 500 (2003); citing *Strickland*, 466 U.S. at 688-94. Defense counsel is "strongly presumed to

---

[1]  (...continued)
Cooper's claim, so we have no occasion to address it here.

[2]  Cooper's argument that his trial counsel was ineffective based on his "mistake of law" regarding the admissibility of the tip is dubious; the admission of Detective Beecher's statement regarding the anonymous tip may have come into evidence under one of the many exceptions to the hearsay rule, such as to explain Officer Jaeger's course of conduct. *See generally Illinois v. Gates*, 462 U.S. 213 (1983).

have rendered adequate assistance and to have made significant decisions in the exercise of his or her reasonable professional judgment." *Traeger*, 289 F.3d at 470. Courts "presume that counsel made reasonable strategic choices unless the defendant presents evidence rebutting that presumption." *Id.* at 472.

As *Massaro* holds, ineffective assistance claims are generally best addressed through a motion in a collateral proceeding pursuant to § 2255, because "the trial record is not developed precisely for the object of litigating or preserving the claim . . . [and] in many cases will not disclose the facts necessary to decide either prong of the *Strickland* analysis." *Massaro*, 538 U.S. at 505. Neither *Massaro* nor the rules governing § 2255 proceedings, however, prevent a district court in an appropriate case from deciding a § 2255 motion on the existing record.

This is such a case; Cooper failed to offer the district court any objective facts outside the trial record that would warrant an evidentiary hearing. He did not call into question our conclusion on direct appeal that trial counsel made a clear strategic decision to refrain from objecting to the government's use of the tip and that his counsel used the details of the tip as part of his theory of defense that he had been set up. *See United States v. Cooper*, 243 F.3d 411, 416 (7th Cir. 2001).

At trial, both the prosecutor and Cooper's counsel referred to the tip. The record reflects that Cooper's counsel referred to the existence and the substance of the tip to show that Jetaun Brown, the wife of the car's driver, Jemeir Brown, had made the anonymous tip to the police. In his opening statement, counsel for Cooper stated,

> You're going to hear that the reason why he [Cooper] was going to Wausau is because Jemeir Brown invited him. In fact, he was going to be there with Jemeir with

> some ladies that Jemeir knew. But we have this anonymous tip. This is the link, if you will, and it's a call to the Milwaukee authorities advising, so I understand, that he [Cooper]'d be traveling by bus, arriving about 7:15, carrying several ounces of cocaine . . . [t]hat he was going to be wearing a gray FUBU jacket . . . [a]nd that he would be carrying a black duffel bag.

Br. of Respondent-Appellee at 10. Cooper's counsel further stated that Cooper believed he was set up by Jetaun Brown; that Jetaun was the only person who knew where and when Cooper was arriving by bus in Wausau; that four days after Cooper's arrest, Jetaun stated in a phone call that she had put the empty cigarette package in the car and that it would have her fingerprints on it. *Id.* at 10-11.

Moreover, we specifically concluded that on direct appeal Cooper did not argue that he dissented from his attorney's decision to use the tip evidence and refrain from objecting to the government's use of the tip. 243 F.3d at 418. Nor, as we noted, did Cooper present any persuasive argument as to why waiving any objection to the tip could not have been a "legitimate trial tactic or part of a prudent trial strategy." *Id.*

Even where factual improprieties are alleged, an evidentiary hearing is not warranted for every § 2255 petition. *Key v. United States*, 806 F.2d 133 (7th Cir. 1986). Pursuant to § 2255, the district court has discretion to deny an evidentiary hearing where the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief. *United States v. Kovic*, 830 F.2d 680 (7th Cir. 1987). In this case, the district court, presented with no additional facts or assertions, did not abuse it discretion in denying Cooper an evidentiary hearing and properly decided that, based on the existing record, the performance of Cooper's trial counsel was not deficient.

Nor can Cooper meet the prejudice prong of his ineffective assistance of counsel claim. To demonstrate prejudice,

Cooper must show that "trial counsel's conduct so under-mined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Stickland*, 466 U.S. at 686. As the district court noted, there was sufficient evidence apart from the tip to support the reliability of the jury's verdict. This evidence included: (1) the drugs found under the passenger seat where Cooper had been sitting prior to being removed from the car; (2) the police officer's observation of Cooper in the passenger seat bending over at the waist towards the floor of the car; and (3) the dog alerting to the passenger side of the car where Cooper was sitting and to the area where he had placed the duffel bag. Moreover, as Cooper's counsel may have reasoned, evidence of the tip from an angry woman trying to set him up might have been the only evidence that would put doubt in the jury's mind as to Cooper's guilt. Cooper cannot demonstrate that his trial was fundamentally unfair or that its result was unreliable.

For the foregoing reasons, we AFFIRM the district court's judgment, denying Cooper's § 2255 petition and his request for an evidentiary hearing.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*