**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted June 23, 2005
Decided June 30, 2005

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-3794

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin |
| v. | No. 04-CR-99-C-01 |
| LANCE D. STEWART, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

Lance Stewart entered unconditional guilty pleas to two counts of possessing firearms as a convicted felon in violation of 18 U.S.C. § 922(g)(1).  The district court deemed the sentencing guidelines advisory and imposed a discretionary sentence of 84 months' imprisonment on each count, to run concurrently.  Appointed counsel filed a notice of appeal, but now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot find a nonfrivolous issue to present.  Counsel's *Anders* brief is facially adequate, and Stewart did not respond to our notice under Circuit Rule 51(b).  Thus, our review is limited to those potential issues identified in counsel's brief.  *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Counsel first asks whether Stewart could challenge his guilty pleas.  Counsel concludes that no argument would be possible because the district court substantially complied with the dictates of Federal Rule of Criminal Procedure 11(b) in taking the pleas.  It is true that compliance with Rule 11 would render

frivolous a challenge to Stewart's guilty pleas, *United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003), especially since our own review would be for plain error given that Stewart did not move to withdraw those pleas in the district court, *United States v. Vonn*, 535 U.S. 55, 59 (2002). We have held, however, that appointed lawyers seeking to withdraw under *Anders* should not even explore the propriety of a guilty plea unless the defendant has said he wants to unwind the plea. *United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). In this case we have no indication that Stewart would want his guilty pleas set aside.

Counsel next considers whether any grounds exist to challenge the reasonableness of Stewart's sentence, which the district court imposed in accordance with our decision in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), *aff'd*, 125 S. Ct. 738 (2005). The district court, after taking into consideration the factors in 18 U.S.C. § 3553(a), sentenced Stewart to total of 84 months' imprisonment, within his guideline range of 77 to 96 months. As counsel notes, a sentence imposed under an advisory guideline scheme is reviewed for reasonableness, *see Id.* at 765; *United States v. Tedder*, 403 F.3d 836, 844 (7th Cir. 2005), and it would be frivolous for Stewart to argue that the term imposed—at less than the midpoint of the range—was unreasonable, *see United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005).

Finally, counsel correctly observes that any claim of ineffective assistance of counsel is best brought in a motion under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *Cooper v. United States,* 378 F.3d 638, 640 n.1 (7th Cir. 2001). Moreover, Stewart's counsel on appeal was also his trial counsel, and thus is not in a position to argue that Stewart received ineffective assistance at trial. *See United States v. Martinez*, 169 F.3d 1049, 1052 (7th Cir. 1999).

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.