In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-3318

JOHN LAVIN,

*Petitioner-Appellant*,

*v.*

DAVE REDNOUR,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 C 5175—**Joan B. Gottschall**, *Judge*.

SUBMITTED JANUARY 18, 2011—DECIDED APRIL 26, 2011

Before FLAUM, KANNE, and SYKES, *Circuit Judges*.

FLAUM, *Circuit Judge*. John Lavin is serving a 40-year sentence for attempted first-degree murder, aggravated battery, and aggravated battery of a senior citizen. The district court denied Lavin's petition for a writ of habeas corpus, 28 U.S.C. § 2254, but certified three of his many claims for appeal: whether trial counsel rendered constitutionally adequate representation, whether Lavin's sentence violates *Apprendi v. New Jersey*, 530 U.S. 466

(2000), and whether the state produced sufficient evidence of Lavin's intent to commit attempted murder. We appointed counsel to represent Lavin on appeal, and counsel has filed a motion seeking guidance on the scope of his responsibilities to Lavin and to the court. Specifically, Lavin has asked counsel to brief claims that were not included in the certificate of appealability and that counsel believes do not satisfy the standard for certification. *See* 28 U.S.C. § 2253(c). And, although counsel does not explicitly say so, we assume that he believes one or more of the certified claims is frivolous. Because counsel's quandary is not unusual, we publish our response.

Section 2253(c) requires prisoners pursuing a collateral attack on their criminal conviction—whether under § 2254 or § 2255—to obtain a certificate of appealability before proceeding on appeal. To receive certification under § 2253(c), the prisoner must show that reasonable jurists would find the district court's assessment of the constitutional claim and any antecedent procedural rulings debatable or wrong. *Slack v. McDaniels*, 529 U.S. 473, 484-85 (2000); *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003). When a prisoner's case is subject to § 2253(c), non-certified claims are not properly before this court. *Ramunno v. United States*, 264 F.3d 723, 725 (7th Cir. 2001); *Schaff v. Snyder*, 190 F.3d 513, 528 (7th Cir. 1999).

Counsel has no obligation to argue claims that are not certified for appeal. At least one court, if not two (as when this court has issued the certificate or has been

asked to expand a certificate issued by a district court), has reviewed the record and decided that the non-certified claims do not satisfy the requirements in § 2253(c). If after an independent review of the record counsel agrees that the non-certified claims are not debatable, he or she can safely set aside the non-certified claims notwithstanding the petitioner-appellant's desire to pursue those claims on appeal.

On the other hand, if appointed counsel concludes that one or more of the non-certified claims is debatable, the appropriate action is to ask this court to expand the certificate to include the additional claims. When a prisoner on collateral review files a pro se brief containing non-certified claims, we will construe the brief as an implicit request for certification. *See, e.g., Schaff*, 190 F.3d at 528. But we do not hold prisoners proceeding pro se to the same standards of conduct we expect from attorneys: Counsel should not simply brief the additional claims, but should first request permission to do so.

Likewise, if counsel believes the certificate contains a claim or claims that do not satisfy the § 2253(c) standard, he or she should inform the court via motion before the start of briefing. Counsel for a prisoner on collateral review has the same responsibility to preserve judicial resources as counsel representing any other party. *Beyer v. Litscher*, 306 F.3d 504, 506 (7th Cir. 2002) ("At this point either side could—and both should—have brought the [defect in the certificate] to our attention."); *Cage v. McCaughtry*, 305 F.3d 625, 627 (7th Cir. 2002) ("When

we make a mistake and issue a certificate of appealability that specifies an improper ground, counsel for both sides, rather than indulging a fiction of judicial infallibility, should inform us before briefing begins and ask us to amend the certificate."). And attorneys have a duty not to present frivolous arguments. *See* FED. R. APP. P. 38. While counsel must make "every effort to identify an issue that *does* satisfy § 2253(c)," *Ramunno*, 264 F.3d at 726, and should ask the court to vacate certified claims "only when issuance of the certificate was an obvious blunder," *Davis*, 349 F.3d at 1028, an attorney is never required to argue a frivolous claim on appeal simply because a client makes such a request. *See United States v. Tabb*, 125 F.3d 583, 585-86 (7th Cir. 1997).

Finally, we address counsel's suggestion that we adopt an *Anders*-style procedure when a prisoner disagrees with his or her representative about the arguments to be brought before this court. *See Anders v. California*, 386 U.S. 738 (1967). In *Anders* the Supreme Court addressed the tension between a criminal defendant's right to the effective advocacy of counsel on direct appeal and counsel's ethical obligation to refrain from advancing frivolous arguments. The Court announced the following procedure when counsel experienced the quandary of either violating professional codes of conduct or arguing against his client's interest:

> If counsel finds [a defendant-appellant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however,

be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses.

*Id*. at 744. *See also Tabb*, 125 F.3d 583.

However, prisoners do not have the right to counsel on collateral review. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987). And, thus, any tension between a prisoner's constitutional right to counsel and counsel's ethical obligations on collateral review simply does not come into play.

Moreover, imposing an *Anders*-style procedure on collateral review would be unworkable. Unlike criminal appeals resolved under *Anders*, a respondent-appellee on collateral review is involved in the appeal. Were we to impose an *Anders* obligation on collateral review, we would have three separate parties-in-interest advancing a case in circumstances where counsel and a judge have identified the legally debatable claims. *See United States v. Wagner*, 103 F.3d 551, 552 (7th Cir. 1996) (rejecting a procedure that would unnecessarily complicate criminal appeals). The purpose of § 2253(c) is to streamline the appeals process thereby reserving resources for debatable cases, it is not to create additional administrative burdens. *Davis*, 349 F.3d at 1028; *Buie v. McAdory*, 322 F.3d 980, 981 (7th Cir. 2003). We reject counsel's proposal because any additional procedural burden is not constitutionally mandated and would

result in an inefficient allocation of judicial and legal resources.[1]

Although prisoners do not have a right to counsel on collateral review, this court regularly recruits counsel to represent prisoners whose appeals have been certified because the cases are demonstrably colorable and the law is complex. *See United States v. Eskridge*, 445 F.3d 930, 932 (7th Cir. 2006) ("[T]he issues presented in [collateral] proceedings are often quite beyond the ability of the average prisoner to address effectively."). Additionally, decisions to grant or deny certification, especially when made in this court, are often made summarily on a less-than-complete record. *Beyer*, 306 F.3d at 506; *Cage*, 305 F.3d at 627 ("Appellate judges issue these certificates after only brief study of the case; the lawyers have spent much more time on the dispute and thus are well positioned to call errors to our attention."). Thus, we recruit counsel not only to advocate effectively on behalf of the appellant, but to aid the court. *Beyer*, 306 F.3d at 506 ("Courts are entitled to that much assistance from members of the bar, so that remediable problems may be fixed before they cause unhappy consequences."). *See also United States v. Palmer*, 600 F.3d 897, 898 (7th Cir. 2010) ("[A] lawyer submitting an *Anders* motion is an

---

[1] We may, of course, solicit a prisoner's views, especially in circumstances under which granting an attorney's motion to vacate a certified claim would result in the dismissal of the entire appeal. But we will not recognize an absolute right to respond on the part of a prisoner whose attorney believes that a certified claim is frivolous.

officer of the court and is essentially offering an expert opinion.") (quotation and citation omitted). We expect counsel's honest and professionally responsible assessment of the case.

Finally, we note that appellants on collateral review may dismiss counsel and represent themselves if they disagree strongly enough with counsel's professional opinion. *See United States v. Shaaban*, 523 F.3d 680, 681 (7th Cir. 2008); *see also United States v. Oreye*, 263 F.3d 669, 673 (7th Cir. 2001) ("[W]e don't allow hybrid representation on appeal . . . because hybrid representation confuses and extends matters."). We do not, however, recommend this course. *See, e.g., Betts v. Litscher*, 241 F.3d 594, 596 (7th Cir. 2001) (noting a principal reason to appoint appellate counsel is "that they will not make the kind of procedural errors that unrepresented defendants tend to commit").

Within thirty days of the issuance of this opinion, counsel for Lavin shall file a motion consistent with this opinion or an opening brief that complies with Federal Rule of Appellate Procedure 28 and Circuit Rule 28.