# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 2, 2013

No. 12-20079

Lyle W. Cayce
Clerk

S. A. DORIS WASHINGTON,

Petitioner – Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent – Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:

Petitioner, S.A. Doris Washington, a Texas state prisoner, was convicted by a jury of aggravated robbery with a deadly weapon and sentenced to a 55-year term of imprisonment. His conviction was affirmed on direct appeal. Washington applied for state habeas relief. Washington claimed, *inter alia*, that he was denied the right to an impartial jury and a fair trial due to the bias of a juror. Specifically, Washington asserted that his trial attorney, Kurt Wentz, had rendered ineffective assistance by failing either to challenge for cause or strike Juror Number 12.

No. 12-20079

The trial court record includes the following exchange between trial counsel and Juror Number 12 during *voir dire*:

> MR. WENTZ: The Judge has talked to you about the Fifth Amendment, as well as [the State]. How many of you would require a defendant to testify at his trial?
>
> . . .
>
> You've known this forever, basically, ever since you were taking civics in junior high school and high school. That doesn't mean we don't have our own feeling about this. How many simply would require a defendant to testify at his trial or they would hold it against him if he didn't?
>
> THE JUROR: Number 12.
>
> MR. WENTZ: In other words, you could not really accord the defendant his Fifth Amendment right?
>
> THE JUROR: Although it is his choice, to me, if it was me to—if I was on that side I would feel I need to say whether I did or didn't, explain why. So I would be leaning towards the prosecution if he didn't testify in his own behalf.
>
> MR. WENTZ: So you would—
>
> THE JUROR: It's an integrity issue for me.
>
> MR. WENTZ: But basically, I know where you're coming from and I understand what you're saying, but I think what you're saying—
>
> THE JUROR: I would hold it against him, yes.

Following these remarks, neither the trial court, the petitioner's lawyer, nor the prosecutor followed up on Juror Number 12's statement with further inquiry. Neither party challenged or struck Juror Number 12, and so he sat on the jury that convicted Washington.

The state habeas court ordered Mr. Wentz to file an affidavit. Finding Wentz's affidavit to be credible, the state habeas court adopted the following

2

findings of fact and conclusions of law proposed by the respondent regarding Juror Number 12:

> 9. According to the credible affidavit of Kurt Wentz, juror number 12 did not say that he could not follow the law with respect to affording the applicant his 5th Amendment right not to testify, thereby giving counsel a reason to strike him for cause.
>
> 10. According to the credible affidavit of Kurt Wentz, and supported by the record, juror number 12 said that whether or not a defendant testified was an issue of integrity.
>
> 11. According to the credible affidavit of Kurt Wentz, counsel did not use a peremptory strike on juror number 12 because counsel believed it was good strategy to keep him—specifically, that because this juror believed in the concept of integrity, he would judge harshly the accomplice witness testimony against the applicant.

The state habeas court recommended that relief be denied. The Texas Court of Criminal Appeals denied relief without a written order or hearing based on the findings of the trial court.

Washington then filed a 28 U.S.C. § 2254 habeas petition, raising, *inter alia*, the above claims of denial of a fair trial due to juror bias and ineffective assistance of trial counsel. Respondent Thaler filed a motion for summary judgment, and the district court granted that motion in part, dismissing all of Washington's claims except those for trial court error and ineffective assistance of counsel relating to the bias of Juror Number 12. After further briefing on those issues, Thaler filed a supplemental motion for summary judgment on those issues, which the district court granted. The district court granted Washington a certificate of appealability limited to the question of whether the trial court denied Washington a fair trial by not dismissing, *sua sponte*, Juror Number 12. We denied Washington's request to expand the COA grant to include his claim of ineffective assistance of counsel.

No. 12-20079

On habeas review, we review the district court's findings of fact for clear error and its legal conclusions de novo. *Summers v. Dretke*, 431 F.3d 861, 868 (5th Cir. 2005). Where the petitioner's claim has been adjudicated on the merits by the state court, the federal court's review of the state court's decision is deferential. *See* 28 U.S.C. § 2254(d).

Under § 2254(d)'s deferential standard, federal habeas relief cannot be granted unless the state court's adjudication

> either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court . . . , or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

*Id.* A state court's decision is "contrary to . . . clearly established Federal law, as determined by the Supreme Court if: (1) the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or (2) the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Summers*, 431 F.3d at 869 (internal quotation marks and citation omitted).

A state court unreasonably applies clearly established Supreme Court precedent "if the state court correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* (internal quotation marks and citation omitted). The unreasonableness inquiry is an objective one and does not ask whether the state court's adjudication was merely "incorrect." *Id.* (internal quotation marks and citation omitted). Instead, habeas relief is warranted only where the state court's application of Supreme Court precedent is both incorrect and unreasonable. *Id.* Moreover, a state court's factual findings are presumed correct unless the applicant rebuts that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Finally,

§ 2254(d) authorizes federal courts to review only a state court's decision, not the written explanation for that decision. *Summers*, 431 F.3d at 868.

The Texas Court of Criminal Appeals' decision denying relief on Washington's juror bias claim was not an unreasonable application of clearly established federal law as determined by the Supreme Court. The Supreme Court has clearly established a defendant's Fifth Amendment right to testify, *e.g., Harris v. New York*, 401 U.S. 222, 225 (1971), and Sixth Amendment right to trial by a fair and impartial jury, *e.g., Irvin v. Dowd*, 366 U.S. 717, 722 (1961). Washington has not, however, cited any Supreme Court precedent establishing state trial courts have a duty to *sua sponte* dismiss a purportedly biased juror.

The Seventh Circuit, applying § 2254(d)(1), rejected a similar claim of juror bias. *Cage v. McCaughtry*, 305 F.3d 625 (7th Cir. 2002). The court held, in relevant part,

> This amounts to asking whether the judge has an obligation to dismiss a juror for cause even if no lawyer objects. . . . The Supreme Court has never announced such a rule, and so it is not a ground upon which a state prisoner can obtain relief in a federal habeas corpus proceeding. . . . The absence of a case in the Supreme Court (or any other court, as far as we know) declaring such a rule is not surprising. There is nothing suspicious about a lawyer's refusing to strike a prospective juror for cause. The lawyer might feel that on balance the juror was more likely to vote for than against his client. In the hearing conducted in the district court on the petitioner's claim of ineffective assistance, his trial lawyer explained that he had thought that Werth was trying to get off having to serve on the jury, and that if he were left on against his will he would blame the government, which had instituted the case, and therefore be inclined to vote for an acquittal. Correct or not, this is the kind of reasoning that a criminal defendant wants his lawyer to engage in. A rule requiring the judge to exercise all challenges for cause would not serve criminal defendants and is hardly a plausible interpretation of the Sixth Amendment, let alone one endorsed by any decision of the Supreme Court.

*Id.* at 626 (internal citations omitted).  We likewise hold there is no Supreme Court precedent establishing an obligation for a trial court judge to dismiss a juror for bias where no party objects.

Moreover, Washington's claim for federal habeas relief is barred by *Teague v. Lane*, 489 U.S. 288 (1989).

> In *Teague*, the Court held that federal courts may not create new constitutional rules of criminal procedure on habeas review. A new rule is one which was not dictated by precedent existing at the time the petitioner's conviction became final. A new rule is created if the rule is, in light of [Supreme Court] precedent, susceptible to debate among reasonable minds. If reasonable minds could differ on whether current law requires relief, we may not grant relief without creating a new rule barred by *Teague*.

*Vega v. Johnson*, 149 F.3d 354, 357 (5th Cir. 1998) (internal citations and quotation marks omitted).  Here, granting Washington relief would require us to create a new rule of criminal procedure out of whole cloth.  Therefore, Washington's claim is barred by *Teague*.

For these reasons, we AFFIRM.