# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40596
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2018

Lyle W. Cayce
Clerk

JOHN PAUL GALBRAITH,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:11-CV-756

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

John Galbraith, Texas prisoner # 1473442, appeals the denial of a 28 U.S.C. § 2254 application challenging his conviction for aggravated sexual assault of a child and indecency with a child. We granted a certificate of appealability ("COA") for his claims that a juror was biased and that trial and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40596

appellate counsel were ineffective for failing raise the issue. Galbraith's motion for leave to file a supplemental reply brief is GRANTED.

We disagree with the State's assertion that Galbraith abandoned his claim of juror bias by failing to adequately address it in his opening brief, which is given liberal construction. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). However, the brief does not include any discussion of the district court's determination that federal habeas review of the claim is barred by the procedural default doctrine. Accordingly, Galbraith has waived any challenge to that dispositive determination. *See Tenny v. Dretke*, 416 F.3d 404, 407 & n.20 (5th Cir. 2005).

Moreover, even were we to reach the merits of the juror bias claim, Galbraith would not prevail. "[W]e review the district court's findings of fact for clear error and its legal conclusions *de novo*." *Washington v. Thaler*, 714 F.3d 352, 354 (5th Cir. 2013). Because the Texas Court of Criminal Appeals denied the claim alternatively on the merits, relitigation in federal court is barred by the Antiterrorism and Effective Death Penalty Act ("AEDPA") unless the decision was "contrary to" or "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." §§ 2254(d)(1)–(2); *see Morales v. Thaler*, 714 F.3d 295, 301–02 (5th Cir. 2013). Because Galbraith's attorney did not challenge the juror in question, the Court of Criminal Appeals' decision was not contrary to, or an unreasonable application of, clearly established federal law. *See Washington*, 714 F.3d at 354–55. The district court did not err in applying the relitigation bar. *See* § 2254(d).

Galbraith contends that his trial counsel was ineffective for failing to challenge the juror and that his appellate counsel was ineffective for failing to

preserve the challenge on appeal. While he suggests that the state court's denial of his ineffective assistance claims is not entitled to AEDPA deference because of procedural deficiencies in the state court proceeding, a "full and fair hearing [in state court] is not a prerequisite to the application of AEDPA's deferential framework." *Valdez v. Cockrell*, 274 F.3d 941, 948 (5th Cir. 2001).

The Court of Criminal Appeals denied Galbraith's ineffective assistance claims based on an implicit finding that the juror was not biased, which we treat as a factual finding under Section 2254. *See Thompson v. Keohane*, 516 U.S. 99, 111 (1995). Galbraith merely speculates that the juror was unable to set aside her acknowledged "leaning" toward the sexual assault victims and consider the case impartially. For example, he hypothesizes that she wanted to be on the jury to vindicate her sister "who may ha[ve] never received justice" after being sexually abused by their stepfather. Galbraith concedes, however, that no one knows what the juror's state of mind was in the jury room. Because he presents no clear and convincing evidence that she was unable to "lay aside h[er] impression or opinion and render a verdict based on the evidence presented in court," *Irvin v. Dowd*, 366 U.S. 717, 723 (1961), he fails to overcome the presumption that the Court of Criminal Appeals' finding of no bias was correct. *See* § 2254(e)(1); *Morales*, 714 F.3d at 302. The Court of Criminal Appeals' finding was not objectively unreasonable; therefore, Galbraith cannot relitigate the issue or the related ineffective assistance claims. *See* § 2254(d).

To the extent Galbraith also contends that his appellate counsel was ineffective for raising frivolous claims, we do not address the issue because it is beyond the scope of the COA. *See* § 2253(c)(2); *Kiser v. Johnson*, 163 F.3d 326, 327 & n.1 (5th Cir. 1999).

The judgment of the district court is AFFIRMED.