**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 20, 2018
Decided December 21, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-1134

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16 CR 404 - 1 |
| COMAR WHEELER, *Defendant-Appellant.* | Samuel Der-Yeghiayan, *Judge.* |

**O R D E R**

Comar Wheeler was convicted by a jury of being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g), and was sentenced to 78 months in prison. Wheeler filed a notice of appeal, but his appointed attorney contends that the appeal is frivolous, and she seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Wheeler responded, opposing counsel's motion. *See* CIR. R. 51(b). Counsel's submission explains the case and thoroughly addresses the issues that an appeal of this kind might involve, so we limit our review to the subjects that she and Wheeler discuss. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Police officers responding to a "shots fired" 911 call chased and arrested Wheeler, a convicted felon, and seized a handgun from his waistband. Wheeler maintains that he possessed the gun under duress. At trial, he testified that a group of teenagers attacked and robbed him, and after one of them dropped a gun, he picked it up for protection. He was fleeing the area, he continues, when police apprehended him.

Counsel begins by addressing potential challenges to two of the district court's pretrial rulings. The first concerns the court's decision to grant the government's motion in limine requiring Wheeler to submit a proffer regarding evidence he wanted to introduce at trial to support a duress defense. Wheeler's motion to reconsider that decision was summarily denied. Counsel considers challenging the summary denial as having affected his substantial rights. But she correctly concludes that this challenge would be fruitless because any error was harmless: Wheeler was allowed to introduce evidence of coercion at trial, and the court later instructed the jury on duress (even though Wheeler never submitted a proffer), so the ruling did not "influence[] the jury's verdict." *See Welch v. Hepp*, 793 F.3d 734, 739 (7th Cir. 2015). Counsel also considers challenging the court's ruling to exclude—on relevancy grounds—records from the Chicago Office of Emergency Management showing the frequency of "shots fired" 911 calls in the area where Wheeler was arrested. She properly concludes, however, that this challenge would be frivolous because the number of "shots fired" calls does not have a tendency to make Wheeler's possession of a gun more or less likely. *See* FED. R. EVID. 401(a); *United States v. Lee*, 502 F.3d 691, 696 (7th Cir. 2007).

Counsel next addresses another pretrial issue, regarding the admission of testimony from a detective who interviewed Wheeler after his arrest. Counsel considers whether Wheeler could argue that the court should have excluded this testimony on the grounds that the conversation was not recorded. But counsel tells us that she cannot find any legal support for such a challenge, and indeed, we have determined that "there is no federal requirement that criminal interrogations be recorded." *United States v. Bruce*, 550 F.3d 668, 673 (7th Cir. 2008). Relatedly, Wheeler asserts in his Rule 51(b) response that the detective's testimony was untruthful, but "we will not … invade the jury's province of assessing credibility…." *United States v. Rivera*, 901 F.3d 896, 901 (7th Cir. 2018) (internal quotation omitted).

Counsel then considers challenging three of the court's evidentiary rulings at trial, but appropriately concludes that each would be frivolous. First, she discusses arguing that the court erroneously limited Wheeler to introduce an officer's incident report to impeach the author's testimony rather than for its truth, as Wheeler wanted.

But any argument that the report should have been admitted for its truth would be frivolous because the report, if used for that purpose, would have been hearsay. *See* FED. R. EVID. 801(c); *United States v. Burt*, 495 F.3d 733, 736–37 (7th Cir. 2007). Second, the court denied Wheeler's motion to disqualify an expert witness whose testimony about the firearm in Wheeler's possession being loaded was inconsistent with a police report's conclusion that it was not. Any error in that decision, though, we would conclude was harmless because the court allowed Wheeler to introduce that report to impeach the expert's testimony, and the parties stipulated that police recovered no ammunition from the gun. *See Welch*, 793 F.3d at 739. Third, the court overruled Wheeler's objection to the government's calling of an officer who had already testified as a rebuttal witness. Any challenge to that ruling would be frivolous, too, because the court has considerable discretion over the mode and order of examining witnesses, *see* FED. R. EV. 611(a), and here the government sought to call the witness to rebut testimony on topics which he did not discuss before.

Counsel also considers arguing that there was insufficient evidence to convict Wheeler such that the judge wrongly denied his two motions for acquittal and one for a new trial. *See* FED. R. CRIM. P. 29(a), (c), 33. But counsel aptly determines that this argument would be frivolous because the government presented evidence supporting each part of the charged crime: Wheeler testified that he possessed a firearm, and the parties stipulated both that Wheeler was a felon and that the firearm travelled through interstate commerce. *See* 18 U.S.C. § 922(g)(1). True, Wheeler testified that he possessed the gun under duress, but a jury would be entitled to disbelieve his testimony and determine that he was not credible. Therefore, his contrary testimony does not establish insufficiency of the evidence. Moreover, some evidence undermined his claim of duress, such as his continued possession of the firearm even when his supposed assailants were no longer present and his flight from the police with the gun hidden in his waistband. We would conclude that the jury could find Wheeler guilty beyond a reasonable doubt, *see Rivera*, 901 F.3d at 900–01 (motions for acquittal), and that the verdict was not contrary to the weight of the evidence, *see United States v. Conley*, 875 F.3d 391, 399 (7th Cir. 2017) (motion for new trial).

Next, counsel asks whether Wheeler could challenge the procedural reasonableness of his sentence. She considers challenging the court's refusal to apply a two-level reduction to the Sentencing Guidelines calculation for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a), on the grounds that Wheeler never contested the elements of the offense. Indeed, she contemplates arguing that Wheeler went to trial only to prove that he was not the one who shot the gun and brought police to the scene

in the first place. But counsel appropriately rejects this challenge as frivolous because trial counsel at Wheeler's sentencing hearing conceded that Wheeler had declined to sign a plea agreement which would have reserved that question for sentencing. Relatedly, in his Rule 51(b) response, Wheeler maintains that he deserved the reduction because he offered to plead guilty as part of a plea agreement that the government refused to accept. But an argument on these grounds would be frivolous because it is not only contrary to his counsel's recollection, but also beside the point: his acceptance of responsibility was not contingent on the government's acceptance of any agreement that he may have offered.

Counsel next considers challenging the sentence's substantive reasonableness, but properly rejects any potential argument on that basis as frivolous, too. Wheeler's 78-month sentence is within the Guidelines range (70–87 months), so we would presume that it is reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). A defendant can rebut that presumption by showing that the sentence does not comport with the 18 U.S.C. § 3553(a) factors, *see United States v. Taylor*, 907 F.3d 1046, 1051–52 (7th Cir. 2018), but Wheeler could not meet that burden. The court considered Wheeler's history and characteristics (he was 49 years old at sentencing, had family support, and apparently overcame his heroin addiction, but he had 12 felony convictions); the nature of the offense ("a very serious matter"); and the need to promote respect for the law and deter future misconduct (Wheeler had a prior conviction for the same offense), protect the public (Wheeler was drunk when he possessed the gun), and provide treatment (the court recommended that Wheeler participate in a drug-treatment program). Counsel also rightly decides that it would be frivolous to challenge Wheeler's supervised-release condition requiring him to submit to DNA collection because the condition is mandatory. *See* 34 U.S.C. § 40702(a)(2); *see also Maryland v. King*, 569 U.S. 435, 465–66 (2013) (permitting DNA collection from arrestees).

Last, counsel considers arguing that Wheeler received ineffective assistance of counsel. Counsel rightly notes, however, that it would be more prudent to do so on collateral review when he could develop a more thorough record. *See United States v. Flores*, 739 F.3d 337, 341–42 (7th Cir. 2014); *see also Massaro v. United States*, 538 U.S. 500, 504 (2003).

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.