**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 29, 2020
Decided February 14, 2020

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

Nos. 17-1034, 17-1035 & 17-1426

| | |
|---|---|
| JUAN VELEZ, JUAN DEJESUS & JOSHUA VIDAL, *Petitioners-Appellants*, | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | Nos. 16 C 6441, 16 C 6442 & 16 C 5104 |
| UNITED STATES OF AMERICA, *Respondent-Appellee*. | Amy J. St. Eve, *Judge*. |

**O R D E R**

In 2010 Joshua Vidal, Juan Velez, and Juan DeJesus tried to rob cocaine from what they thought was a stash house. They were charged with conspiring and attempting to possess with intent to distribute more than five kilograms of cocaine, *see* 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), 846; attempting Hobbs Act robbery, *see* 18 U.S.C. §§ 2, 1951(a); and one count per defendant of possessing a firearm in furtherance of these crimes, *see* 18 U.S.C. § 924(c)(1)(A). Vidal pleaded guilty to all the charges, while Velez and DeJesus pleaded guilty only to the attempted robbery and the firearm offense.

After the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of 18 U.S.C. § 924(e) is unconstitutionally vague, all three defendants filed collateral attacks under 28 U.S.C. § 2255. They contended their firearm convictions under § 924(c) were unsound because attempted Hobbs Act robbery qualifies as a predicate "crime of violence" only under that statute's residual clause, which mirrors the unduly vague clause in *Johnson*. *Accord United States v. Davis*, 139 S. Ct. 2319 (2019) (later extending *Johnson* to invalidate as unduly vague § 924(c)'s residual clause). But the district court denied the motions on the ground that, even if § 924(c)'s residual clause is unconstitutionally vague, attempted Hobbs Act robbery qualifies as a "crime of violence" under the statute's elements clause, *see* 18 U.S.C. § 924(c)(3)(A), which suffers from no vagueness problem.

The defendants timely appealed, and this court consolidated the cases. Velez and DeJesus filed a joint brief challenging the merits of the district court's decision. Meanwhile, Vidal's counsel filed a motion invoking *Anders v. California*, 386 U.S. 738 (1967), asserting that Vidal's appeal was frivolous. This court observed that under *Lavin v. Rednour*, 641 F.3d 830 (7th Cir. 2011), instead of an *Anders*-style motion Vidal's attorney should have filed a motion to vacate the certificate of appealability. Nonetheless the court decided to construe counsel's filing as a *Lavin* motion and take it with the cases. The court further allowed Vidal an opportunity to respond, which he did. Vidal also moved this court to appoint new counsel, another motion taken with the cases.

On appeal Velez and DeJesus contend attempted Hobbs Act robbery is not a crime of violence under § 924(c); Vidal's pro se response brief makes essentially the same argument. But their position is foreclosed by this court's recent decision in *United States v. Ingram*, No. 19-1403 (7th Cir. Jan. 17, 2020). In that case, we held that attempted Hobbs Act robbery is a predicate "crime of violence" under § 924(c) based on our decisions in *Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017), and *United States v. D.D.B.*, 903 F.3d 684, 691–93 (7th Cir. 2018). *Ingram*'s holding is consistent with the Eleventh Circuit's similar conclusion in *United States v. St. Hubert*—the only other appellate opinion we found that has ruled on this issue. 909 F.3d 335, 351–53 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1394 (2019), *abrogated in part on other grounds by Davis*, 139 S. Ct. at 2336. We decline to reconsider a question we have decided so recently, nor have we been asked to here.

We therefore AFFIRM the district court's judgments with respect to Velez and DeJesus; GRANT counsel's motion to vacate Vidal's certificate of appealability; and

DENY Vidal's motion to appoint new counsel because he has no non-frivolous argument to raise.